IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEDVISION, INC., MEDI-TECH MEDICAL BILLING SERVICES, INC., PHYCOM GROUP, INC., KENNETH S. ALSTON AND ALEXANDER WANG | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-CV-00077-L |
| MEDIGAIN, LLC, BUTANI CAPITAL INVESTMENT FUND II, LLC, GREGORY L. HACKNEY AND DINESH K. BUTANI | § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS BUTANI CAPITAL INVESTMENT FUND II, LLC, GREGORY L. HACKNEY AND DINESH K. BUTANI AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME, MedVision, Inc., Medi-Tech Medical Billing Services, Inc., Phycom Group, Inc., Kenneth S. Alston and Alexander Wang (collectively referred to herein as "Plaintiffs"), and file this their Motion to Compel Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani and Brief in Support, and in support of same would respectfully show unto this Honorable Court as follows:

**FACTUAL BACKGROUND**

1.  Plaintiffs filed their Original Complaint on or about January 12, 2015 [ECF No. 3]. Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh

K. Butani filed their Original Answer and Affirmative Defenses on February 23, 2015 [ECF No. 13]. Plaintiffs filed their Second Amended Complaint on August 18, 2015 [ECF No. 62].

2. On or about March 31, 2015, Plaintiffs served Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani with Plaintiffs' First Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 34; *see* App. 001-030; 031-060; 061-090. Through counsel, Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani requested and Plaintiffs agreed to three extensions of the deadline to respond. *see* App. 203-208. Ultimately, on May 29, 2015, Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani served their respective Objections and Responses to Plaintiffs' First Request for Production, but they did not produce any documents or give any specific indication of when the responsive documents would be produced. *See* App. 091-128; 129-165; 166-202. Subsequently, on June 5, 2015, the Plaintiffs further stipulated to a discovery stand down through June 29, 2015. *See* App. 209-210.

3. Despite Plaintiffs' repeated agreement to discovery extensions and these Defendants' statements and assurances that responsive documents would be produced, no documents have been produced by Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani. *See* App. 91 - 202; 211-227. Plaintiffs have, through counsel, repeatedly conferred with counsel for Defendants and requested that documents be produced and objections be reconsidered and/or withdrawn. *See* App. 211-

227.  In response, counsel for these Defendants has made various assurances and excuses.  *See* App. 211-227.  However, as of the filing of the instant Motion and a final attempt to confer and request for compliance on August 14, 2015, no documents have been received from Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani.  Counsel for these Defendants has only responded by a single email, on the date of filing the instant Motion, with a plea to not file a Motion to Compel and that "some" additional "responsive, non-privileged" documents would be produced "next week... and on a rolling basis thereafter".  *See* App. 223-224.  This response is a full week after a final request for compliance, does not provide definitive specific details on production, and does not address objections or privileges.

4.  Plaintiffs accordingly are forced to seek the Court's assistance in compelling Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani's to properly respond to Plaintiffs' First Request for Production and produce the responsive documents as required by the Federal Rules of Civil Procedure.

**ARGUMENT AND AUTHORITIES**

5.  Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) as Defendants have failed to produce the requested documents which Defendants asserted would be made available.  Pursuant to Federal Rule of Civil Procedure 26(b), a party is allowed to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Relevant information

includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.,* F.R.D. 467, 470 (N.D.Tex.2005), *quoting Oppenheimer Find, Inc. v. Saunders*, 437 U.S. 340, 351 (1978). In the discovery context, "relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id*. The threshold for relevancy in discovery is low. *See U.S. ex rel. Becker v. Tools & Metals, Inc.,* No. 3:05-cv-627-L, 2011 WL 856928, at *2 (N.D.Tex. Mar.11, 2011). Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *Spiegelberg Mfg., Inc. v. Hancock,* No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007).

6.     Plaintiffs served Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani with Plaintiffs' First Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure on March 31, 2015. *See* App. 001-030; 031-060; 061-090. Plaintiffs' First Request for Production to each of the Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani (herein collectively the "Requests") are substantially similar. *See* App. 001-030; 031-060; 061-090. The Requests seek documents and tangible things relevant to the Plaintiffs' claims and damages and the Defendants' defenses in the instant litigation. *Id.*; see *also* Plaintiffs Second Amended Complaint [ECF No. 62].

7.     On May 29, 2015, Defendants Butani Capital Investment Fund II, LLC,

Gregory L. Hackney and Dinesh K. Butani served their respective Objections and Responses to Plaintiffs' First Request for Production, which are all substantially similar. *See* App. 091-128; 129-165; 166-202. In response to the following Requests, Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani assert that subject to objections, responsive, non-privileged items will be produced: No's 1-16, 18, 19, 24-46, 53-62, 67-69, 90-93, 96, 99-102, 105-107. *See* App. 091-128; 129-165; 166-202. Despite the statements made by these Defendants in their respective Responses and their obligations under the Federal Rules, NO DOCUMENTS HAVE BEEN PRODUCED. *See* App. 091-128; 129-165; 166-202. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), the response to each item must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. An objection to part of a request must specify the part and permit inspection of the rest. FED. R. CIV. P. 34(b)(2)(C). Accordingly, Defendants have the burden to at least partially comply as they indicated they would. Id.; *See* App. 091-128; 129-165; 166-202. Despite this obligation and the affirmative representations that responsive documents would be produced, no documents have been produced. And while these Defendants have not been complying with their own obligations and assurances, they have been filing Counterclaims. [ECF No. 59]. Accordingly, Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani should be found in violation of the Federal Rules of Civil procedure and be compelled to produce all the responsive documents they are required to produce and which they have agreed to produce.

8.   The general objections asserted by these Defendants should also be overruled because they are improper and generally and expressly apply to "each and every document request." *See* App. 93 - 94; 131-132; 168-169. *See Heller v. City of Dallas,* 303

F.R.D 466, 483 (N.D. Tex. 2014). Discovery objections must be made with specificity, and the responding party has the obligation to explain and support its objections. *Id.* Accordingly, these general objections should be overruled in their entirety. *Id.*

9.   While Defendants have also asserted a litany of additional improper and prophylactic objections and privileges to almost every Request and have not provided a privilege log, Plaintiffs will further seek cooperation from counsel in an attempt to limit what must be presented to the Court as it relates to these objections and privileges. *See* App. 225-227. Plaintiffs anticipate that an additional Motion to Compel may be necessary regarding these objections and assertions of privilege, and Plaintiffs' reserve the right to fully address them by way of a subsequent Motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs MedVision, Inc., Medi-Tech Medical Billing Services, Inc., Phycom Group, Inc., Kenneth S. Alston and Alexander Wang respectfully request the Court grant this Motion to Compel against Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani, that such Defendants be Ordered to produce their responsive documents as set forth herein, that the Court overrule these defendants' general objections, and that Plaintiffs be awarded such other and further relief to which they may be justly entitled.

Respectfully submitted,

**MCNELIS + WINTER, PLLC**
143 W. Sunset Road, Suite 200
San Antonio, Texas 78209
Telephone:  (210) 826-2440
Facsimile:  (210) 826-2451


By: ___/s/ *West W. Winter*___
West W. Winter
west@mcneliswinter.com
State Bar No. 24008291
Sean B. McNelis
sean@mcneliswinter.com
State Bar No. 00791238

**ATTORNEYS FOR PLAINTIFFS**




**CERTIFICATE OF CONFERENCE**

     On multiple occasions between May 29, 2015 and August 21, 2015, West W. Winter, counsel for Plaintiffs, conferred by telephone conference and by email with Jonathan Childers, counsel for Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani regarding these Defendants' discovery deficiencies and the filing of Plaintiffs' Motion to Compel.  S*ee also* App. 211-227. Despite multiple attempts and repeated assurances, Defendants Butani Capital Investment Fund II, LLC, Gregory L. Hackney and Dinesh K. Butani have not produced any documents or otherwise complied.  Accordingly, agreement could not be reached as to the matters set forth in the instant motion.  Plaintiffs have in good faith conferred and attempted to confer with counsel for these Defendants regarding the failure of these Defendants to respond in a effort to obtain such discovery without court intervention, but such efforts have been unsuccessful. S*ee e.g.* App. 211-227. Counsel for these Defendants has asked that Plaintiffs' not file a Motion to Compel.  *Id.*

                           ___/s/ *West W. Winter*___
                              West W. Winter

-8-

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel or record, in accordance with the Federal Rules of Civil Procedure on August 21, 2015 via ECF and E-mail to:

    Mr. Christopher J. Schwegmann
    cschwegmann@lynnllp.com
    **LYNN, TILLOTSON, PINKER & COX, LLP**
    2100 Ross Avenue, Suite 2700
    Dallas, Texas 75201
    Facsimile: 214.981.3839

    **ATTORNEYS FOR DEFENDANT MEDIGAIN, LLC**

    Mr. Jonathan R. Childers
    jchilders@ghjhlaw.com
    **GRUBER HURST JOHANSEN HAIL SHANK LLP**
    1445 Ross Avenue, Suite 2500
    Dallas, Texas 75202-2711

    **ATTORNEYS FOR DEFENDANTS BUTANI CAPITAL INVESTMENT FUND II, LLC, GREGORY L. HACKNEY, AND DINESH K. BUTANI**

                                  /s/ *West W. Winter*
                                    West W. Winter