# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MEDVISION, INC., et al., § | |
|     Plaintiffs, § | |
| v. § | No. 3:15-CV-77-L |
| GREGORY HACKNEY, et al., § | |
|     Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), Motion for Withdrawal of Counsel and Partial Substitution of Counsel ("Motion to Withdraw and Substitute") filed by Michael K. Hurst, Jonathan R. Childers, Christina M. Mullen, and the law firm of Gruber Hurst Elrod Johansen Hail Shank, LLP (collectively, "Movants"), attorneys of record for Gregory L. Hackney ("Hackney"), Butani Capital Investment Fund II, LLC ("Butani Capital"), and Dinesh K. Butani ("Butani") (collectively, "Defendants") [ECF No. 97], filed December 30, 2015, has been referred to the United States Magistrate Judge for hearing, if necessary, and proposed findings and recommendations for disposition of the motion. *See* Order of Reference [ECF No. 106 at 1]. The District Court's Order of Reference also prospectively referred all procedural motions that are related to the referred motion to the United States Magistrate Judge for resolution. *See id.* [ECF No. 106 at 1]. On January 28, 2016, Butani Capital and Butani filed their Unopposed Motion for Substitution of Counsel [ECF No. 120] ("Unopposed Motion to Substitute"). For the reasons stated below, the undersigned respectfully recommends that the District Court GRANT the Motion to Withdraw and Substitute [ECF No. 97] and Unopposed Motion to Substitute [ECF No. 120].

## DISCUSSION

Plaintiffs contend that the parties in this case entered into a binding, mediated settlement

agreement on November 4, 2015, but that Defendants have refused to comply with the terms of the settlement agreement and have continued to delay execution of the settlement documents. *See* Pls.' Mot. [ECF No. 115 at 2]. Plaintiffs contend that Defendants' Motion to Withdraw and Substitute is yet another effort on Defendants' part to delay finalizing the settlement in this case. *See id.* [ECF No. 115 at 3]. Plaintiffs filed their Opposed Motion to Enforce Mediated Settlement Agreement [ECF No. 100] on December 31, 2015.

On January 8, 2016, Defendants filed their Motion for Extension of Time to Respond to Plaintiffs' Opposed Motion to Enforce Mediated Settlement Agreement ("Motion for Extension") seeking to continue their response deadline to 21 days after the Court rules on the Motion to Withdraw and Substitute. *See* Mot. For Extension [ECF No. 105 at 2]. On January 21, 2016, the Court granted in part Defendants' Motion for Extension, extending the response deadline to January 29, 2016. *See* Electronic Order [ECF No. 112]. Because Defendants have informed the Court that Hackney has already obtained substitute counsel and that Butani Capital and Butani were in the process of securing substitute counsel, Defendants were advised that the Court will consider further extension of the response deadline once all Defendants have obtained substitute counsel. *See* Electronic Order [ECF No. 112]; Reply [ECF No. 111 at 3]. Because Butani Capital and Butani subsequently secured substitute counsel, the response deadline has been further extended to February 12, 2016. *See* Electronic Order [ECF No. 124].

In the Motion to Withdraw and Substitute, Movants contend that they cannot continue to represent Defendants in this case because: (1) current circumstances make it impractical to continue the representation; (2) an irreconcilable conflict exists between Movants and Defendants that mandates withdrawal; (3) Defendants have failed to fulfill their obligations, including the obligation

to pay fees as agreed, despite being given multiple warnings that Movants would withdraw unless the obligation was fulfilled; and (4) Movants and Defendants previously agreed that the attorney-client relationship is terminable by either party. *See* Mot. to Withdraw [ECF No. 97 at 2-3]. In the Motion to Withdraw and Substitute, Movants seek to withdraw as counsel of record for Hackney and to have the Court substitute Michael S. Gardner and Eric P. Haas of Gardner Haas, PLLC as Hackney's counsel of record. *See id.* [ECF No. 97 at 3]. Further, while at the time of the filing of the Motion to Withdraw and Substitute, Butani Capital and Butani have not yet obtained substitute counsel, on January 28, 2016, they filed their Unopposed Motion to Substitute Counsel seeking to substitute Kristin A. Regel and the Law Offices of Kenneth G. Wincorn & Associates, PC as their counsel of record in this case. *See* Unopposed Mot. [ECF No. 120 at 1]. Therefore, Plaintiffs' objection to the Motion to Withdraw and Substitute on the ground that a corporation cannot appear *pro se* in federal court has now been addressed. *See* Pls.' Resp. [ECF No. 104 at 4].

Because Defendants have now all obtained substitute counsel, and because Movants represent to the Court that an irreconcilable conflict exists between Movants and Defendants, the undersigned recommends that the District Court permit Movants to withdraw as counsel of record for Defendants, and permit Defendants to proceed in this case with their substitute counsel.

### RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT the Motion to Withdraw and Substitute [ECF No. 97] and Unopposed Motion to Substitute [ECF No. 120]. The undersigned recommends that the District Court permit (1) Michael K. Hurst, Jonathan R. Childers, Christina M. Mullen, and the law firm of Gruber Hurst Elrod Johansen Hail Shank, LLP to withdraw as counsel of record for Defendants; (2) substitute Michael S. Gardner and

Eric P. Haas of Gardner Haas, PLLC as counsel of record for Hackney; and (3) substitute Kristin A. Regel and the Law Offices of Kenneth G. Wincorn & Associates, PC as counsel of record for Butani Capital and Butani.

**SO RECOMMENDED**, February 1, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).